UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICE A. BELL                                              CIVIL ACTION

VERSUS                                                       NO. 07-6725

ALLSTATE INSURANCE COMPANY                                   SECTION: "C" (4)

ORDER AND REASONS

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. Having considered the record, the memoranda and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The plaintiff filed suit in state court for damages caused by Hurricane Katrina and allegedly due under her homeowner's policy. The defendant removed based on diversity of parties. This Court ordered the parties to submit memoranda regarding whether there was at least $75,000 in controversy on the date of removal and the amount of money, if any, that the plaintiff received under her flood insurance policy for damage to the same property. Rec. Doc. 5. In her petition, the plaintiff alleges her covered property was rendered a total loss as a result of the hurricane, and demands the remaining policy limits, invoking Louisiana's Valued Policy Law, La. Rev. Stat. §22:695 ("VPL"). In its memorandum on the jurisdictional amount, the

1

defendant acknowledges that the policy limits are $82,000 for the building, $57,400 for contents, and $8,200 for other covered structures, or total policy limits of $147,600 for VPL policy purposes.  *See*  Rec. Doc. 6.   In addition, Allstate has paid a total of $76,000 under plaintiff's flood policy.

The parties may neither consent to nor waive federal subject matter jurisdiction.  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.*   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id.*  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).  The jurisdictional facts

supporting removal are examined as of the time of removal.  *See Gebbia v. Wal-Mart Stores, Inc*. 233 F.3d 880, 883 (5th Cir. 2000).

This Court has ruled that flood insurance recovery must be offset against any homeowners recovery under the VPL for present purposes.  *Glaser v. State Farm Fire & Casualty Co.*, 2007 WL 1228794 (E.D.La.).[1]  The amount remaining under the homeowner's policy, assuming it represents an accurate value of the insured property and that the property was a total loss, is less than the minimum amount in controversy required for diversity jurisdiction at the time of removal.[2]  In addition, Allstate has tendered an payments to the plaintiff under her homeowner's policy.  Although Allstate does not specify the amount of such payments, they further reduce the amount in controversy here.  The plaintiff also asserts claims for attorneys' fees and penalties under various Louisiana statutes; however, the amount that she might recover under such laws is entirely speculative in this case.  The defendant does not point to, nor can the Court find, anything that would suggest otherwise.  Although the issue is a close one, it is the value of the plaintiff's claim, not the value of the underlying policy, that determines whether the

---

[1]  In finding that the flood payment offset must be taken into account in determining whether the jurisdictional amount existed at the time of removal, this Court joins Judges Vance and Judge Zainey in recognizing the necessity of offset to avoid double recovery and to promote the policy behind the Valued Policy Law.  *Esposito v. Allstate Insurance Co.*, Civ. Act. No. 06-1837 "A" (Ap. 13, 2007);  *Weiss v. Allstate Insurance Co.*, 3007 WL 892869;  *Caruso v. Allstate Insurance Co.*, 2007 WL 625830 (E.D.La.);  *Chauvin v. State Farm Fire & Casualty Co.*, 450 F.Supp.2d 660 (E.D.La. 2006).

[2]  Here, if the total of the policy is considered offset by all payments made under the flood policy, the amount remaining under the policy is approximately $71,600.  If the payments under the flood policy are separated into payments for dwelling and contents, and then offset against the limits remaining under the homeowner's policy for each, $26,000 remains for the dwelling, $37,400 remains for contents, and the total of $8,200 remains for other structures.

jurisdictional minimum is satisfied.  *See Hartford Ins.Group v. Lou-Con, Inc.*, 293 F.3d 908, 911-912 (5th Cir. 2002).

The Court finds that the allegations of the petition alone do not support a finding that it is facially apparent that the claims are likely above the jurisdictional minimum because the remaining coverage is necessarily affected by any flood insurance payments.   The Court finds that the defendant has failed to meet its burden of proof under these circumstances.

The Court is mindful that removal jurisdiction is strictly construed.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,  IT IS ORDERED that this matter be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 10th day of March, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE